*Mr. W. C. Ong* and *Mr. Charles Lawyer,* for plaintiff in error.

*Messrs. Munsell & Hall* and *Mr. H. E. Starkey,* for defendants in error.

---

REGAN *v.* SHERMAN.

*Negotiable instruments—Burden on endorsee to prove title—As holder in due course—When title of original holder acquired by fraud—Sections 8157 and 8164, General Code.*

By virtue of Sections 8157 and 8164, General Code, in an action on a promissory note by an endorsee who acquired title from the original holder, when it is shown that the title of the original holder was defective by reason of misrepresentation and fraud in procuring the note and failure of consideration therefor, the burden is on the holder to prove that he acquired the title as a holder in due course.

(Decided February 6, 1913.)

ERROR: Court of Appeals for Geauga county.

NORRIS, J.; METCALFE and POLLOCK, JJ., concurring.

The plaintiff in error, James R. Regan, was plaintiff below, and in his petition the plaintiff

sought to recover from the defendant, C. C. Sherman, on three promissory notes of $300 each, and the foreclosure of a mortgage securing these notes. These three notes were given to The Morning Star Manufacturing Company. The plaintiff in his petition alleges that he is the holder in due course of these notes before due, and seeks to recover judgment on these three causes of action and a foreclosure of the mortgage.

The defendant, in his answer, admits the execution of the notes, but says they were given to The Morning Star Manufacturing Company for a threshing machine, and that it was represented to him at the time of purchase of this threshing machine that it was a first-class machine in every way, better than any other on the market, and would do better work and had no superior for the separation of grain from the straw under all conditions; that there was a warranty also that the machine was of that character; that relying upon these representations and this warranty, and trusting the representations of the company in that respect, he took the machine and executed these notes; that it turned out that the machine was utterly worthless, the representations were not true, and there was a breach of the warranty; that the machine would not do any work and they tendered it back to the company; that the company failed and refused to make a good machine or make their warranty good, and failed to furnish another machine, and that by reason of these facts there was an entire failure of consideration for these three notes.

The case went to trial to a jury on the first three causes of action, but as to the first note it appeared by the plaintiff's testimony that he acquired it after its maturity. The other two he claims to have acquired before maturity. Testimony was offered by the plaintiff tending to show that he acquired the second and third notes before maturity; that these notes, with a lot of other notes, were given to him, and he took them to a bank in Napoleon (perhaps the one where this manufacturing company did business) and deposited them as collateral security to his note for $6,000, which money he took and gave to the manufacturing company without receiving a note therefor; that subsequently he was compelled to pay the note to the bank and took up these notes with others; that at that time and previous thereto the company had gone into bankruptcy; that when he took them first they were indorsed by the manufacturing company through its secretary.

On the trial of the case the defendant offered proof tending to establish the allegations of the answer, and we think the testimony very clearly does establish the truth of those allegations—that is, that the machine was worthless, that the representations were made as claimed and that it was tendered back, and there is proof tending to support the various other allegations in the answer.

Complaint is made of refusal to charge as requested and the admission of certain testimony. A verdict was returned for the defendant. It is claimed here that the court erred in refusing to

charge two requests. The first was a request for the direction of a verdict in favor of the plaintiff as to the second cause of action, and the other was a request to direct a verdict as to the third cause of action.

There was no evidence in this case on the part of the defendant tending to prove that the plaintiff at the time he acquired these notes had knowledge of their infirmity—that is, that they were given for a worthless machine, that the consideration therefor had failed and that there were misrepresentations with reference to this machine—and a determination whether, under a case under the law as it now stands, it was required of the defendant, is a determination of all the questions in this case.

Section 8164, General Code, as to commercial paper, reads as follows:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who negotiated the instrument was defective, the burden is on the holder to prove that he or some other person under whom he claims acquired the title as a holder in due course."

Section 8157, General Code, states what the plaintiff must prove to show he is a holder in due course:

"One is a holder in due course who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face. 2. That he became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact. 3. That he took

it in good faith and for value.  4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Plaintiff offered proof to show he was the owner of the note.  Defendant offered proof tending clearly to establish, under this section of the statute, an infirmity in this instrument and that he had a defense to it as against the payee of the note, and this question arises, Was the plaintiff under this statute and under those circumstances required to prove that he became the holder of it without notice of any infirmity in the instrument? The plain reading of this statute would seem to us to so indicate, and this statute has been before the circuit court and received a construction.  In the case of *Thompson et al.* v. *Citizens National Bank*, 32 C. C., 131, 13 C. C., N. S., 515, the second proposition of the syllabus reads as follows:

"Under the provisions of Section 8110, General Code, in an action on a note by an endorsee, the burden is on the holder of the note to show when a defense is established against the original payee, that he or someone under whom he claims acquired the title as a holder in due course."

And the court, by Judge Wildman, in that case, after reciting these statutes and referring to the old rule of the common law which, perhaps, put the burden of showing that fact upon the defendant, uses this language in his opinion:

"In other words, if a defense is established against the original payee, then the holder who

claims to be a holder in due course, in order to substantiate that claim, must prove the fourth condition to which I have referred as embodied in General Code, 8157; that is, that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Taking the sections together, the burden, after the establishing of a defense against the original payee, is shifted to the holder of the instrument to prove as a negative fact lack of knowledge of any infirmity in the instrument or defect of the title of the person negotiating it. He must show that he has no knowledge of the defense so established."

Applying that rule to this case, the defendant did show, as we think, a complete defense against the payee of this note and that thereby, under these statutes and this ruling with respect to them, the burden was shifted to the plaintiff then to prove that he was an innocent holder of the note in due course and had no notice of any infirmity in it. No such evidence was offered in the case as shown by this record. Now, of course, if that burden was upon the plaintiff, then the requests to direct a verdict in favor of the plaintiff were not proper and there was no error in refusing them.

Again, we think the court erred in admitting exhibits A and B, letters addressed to Mr. Durfee, if we remember the name. We cannot see how those letters were competent evidence in any way, but there was abundant evidence without them to show that this machine was worthless, so they were not

prejudicial to the plaintiff in error.   The view we have taken of this case is that the judgment of the court below should be affirmed.

*Judgment affirmed.*

*Mr. C. A. Wilmot,* for plaintiff in error.
*Mr. H. O. Bostwick,* for defendant in error.