The Exchange National Bank *v*. Clark et al.

*Negotiable instruments — Holder in due course — Bank accepts note as collateral — Evidence.*

Where the evidence shows that a bank which received a promissory note from the payee thereof, in an ordinary business transaction as collateral security for a loan, and at the time knew nothing about either the maker or payee of the note, and had no knowledge of any infirmity in the note until after maturity and payment was demanded, and there was nothing to rebut such evidence, the bank is a holder in due course, and a verdict and judgment in favor of the maker will be reversed as being manifestly against the weight of the evidence.

(Decided January 23, 1920.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Snyder, Henry, Thomsen, Ford & Seagrave,* for plaintiff in error.

*Messrs. A. A. & A. H. Bemis,* for defendants in error.

Hamilton, J. The parties stand here in the same order as in the court below.

The plaintiff brought suit, declaring on a promissory note for $1,000 executed by the defendants, and claimed to be the owner and holder thereof for value. The note was made by the defendants to one Bennett S. Dennison, as payee, and was by him endorsed to the plaintiff as collateral security to his note given to the plaintiff to secure a loan of $1,000 to him.

The defense was that the note had been procured from defendants by Dennison through fraud and misrepresentation, and was without consideration, and that the plaintiff had knowledge and notice of the same and was not the owner and holder of said note for value.

The case was tried to a jury and resulted in a verdict for the defendants and a judgment on the verdict. A reversal of that judgment is sought here.

The first assignment of error and the one mainly relied upon is that the verdict and judgment are against the weight of the evidence, which we will first consider.

The record discloses that fraud and misrepresentation on the part of Dennison in securing the note were proven, and constitute a complete defense as against Dennison, the payee of the note. Having shown these facts, the burden then devolved upon the plaintiff to show that it acquired title to the note as a holder in due course. *Regan v. Sherman,* 1 Ohio App., 273, *Thompson et al.* v. *Citizens' National Bank,* 13 C. C., N. S., 515, and Section 8164, General Code.

Section 8157, General Code, provides what the plaintiff must prove to show he is a holder in due

course. One is a holder in due course who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face. (2) That he became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

Did the plaintiff sustain this burden? We think it did. It made out its case in the first instance and established compliance with the first three conditions of the Code. The defendant then offered evidence clearly establishing an infirmity in the note and a good defense against the payee of the note. Under the fourth condition of the statute the burden was upon plaintiff to show that it had no knowledge of any infirmity in the instrument or defect in the title of Dennison.

Charles A. Wiley, president of the plaintiff bank, testified that prior to the transaction under which the bank came into possession of the note sued upon he had only met Dennison casually and knew nothing about him; that he had not known the Clarks and has never met them, nor did he know anything of them; that prior to the maturity of the Clark note, sued upon herein, Dennison came to the bank to see about discounting the Clark note, and that he, Wiley, attended to the transaction and informed Dennison that he would prefer to make a loan to him for the amount of $1,000 with the Clark note as collateral security thereto, and would

do so provided the financial standing was shown to be satisfactory; that he thereupon handed two blanks to Dennison for financial statements to be filled out, one by himself and one by the Clarks; that upon the return of the financial statement, which he considered a satisfactory financial showing, the loan was made to Dennison upon his note in the sum of $1,000, and the Clark note was endorsed to the bank as collateral security thereto; that the amount was passed to the credit of Dennison by the bank, less some small deduction, and was by him checked out at different times, in different amounts, until the amount was exhausted with the exception of $1.60; that he knew nothing whatever of any infirmity of the note at the time of the transaction; and that it was an ordinary business transaction of the bank and the first intimation that he had of any infirmity in the note was after the maturity of the note when notice of nonpayment was sent to the Clarks and payment demanded, in response thereto they came to the bank and made a claim of fraud and misrepresentation on the part of Dennison in securing the note.

There is nothing to rebut this evidence. It is sought by the defendant to bring home knowledge on the part of the bank through a Mr. Craig, who was a director of the bank, urging that Craig was interested in a transaction of Dennison's in promoting a corporation to manufacture matches and that Craig was the owner of the real estate in which there was an intention to establish the factory, but there is nothing to show that Craig knew of any transaction between Dennison and the Clarks, or knew of the making of any note. Under

this state of the evidence, the plaintiff has upheld the burden imposed upon it by the fourth condition of Section 8157, General Code.

The other assignments of error are not well taken. The special charges requested were properly refused, being too narrow in their scope.

The testimony of conversations between the Clarks and Dennison, admitted over objection, was properly admitted, as they bore upon the question of fraud and misrepresentation in the procuring of the note.

Again the court did not err in refusing to permit certain depositions to be taken by the jury with them into the jury room. While it is the law as a general rule that depositions read in evidence should be sent to the jury on their retirement, the court may exercise its discretion and refuse to send them to the jury, when the depositions contain incompetent evidence which was ruled out, and especially so where the incompetent evidence can not be separated from the balance of the deposition without mutilation. *Stites* v. *Admr. of McKibben,* 2 Ohio St., 588.

It is not shown to our satisfaction that the trial court abused its discretion in refusing to send the deposition into the jury room.

Finding the judgment and verdict to be manifestly against the weight of the evidence, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

SHOHL, P. J., and CUSHING, J., concur.

Judges of the First Appellate District, sitting in place of Judges DUNLAP, VICKERY and WASHBURN of the Eighth Appellate District.