No. 876

FIRST TRUST & SAVINGS BK. v. FOLINO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5757. Decided May 18, 1925

**147. BILLS AND NOTES—1.** Protection afforded to a holder in due course does not extend to a case where alleged holder is guilty of gross and inexcusable negligence.

2. Where bank is given note by payee thereof, as collateral security on loan from bank, and when it does not inform maker of note that it holds it against him, he thinking it to be lost, this is such gross and inexcusable negligence.

LEVINE, P. J.

Frank Folino, while residing in Alton, Ill., executed and delivered to one J. E. Orr, a promissory cognovit note for $755.43, payable in 90 days. When the note became due, Orr demanded the money from Folino, informing him that he had lost the note and was therefore unable to deliver it. Folino refused to pay at this time, but a short time afterward, Orr again demanded the money which was at that time paid to him in full and he gave Folino a receipt acknowledging payment.

From the testimony it appears that Orr indorsed the note to the First Trust & Savings Bank, located in Alton, Ill., as security for a loan made to him by the bank. There is undisputed evidence to the effect that when Folino paid the full amount of the note to Orr, he had no knowledge whatsoever that the bank was holding this particular note against him.

About ten and one-half months after the note became due, Folino informed the bank, with which he carried both saving and checking accounts, that he intended moving to Cleveland and desired to straighten his accounts with the bank. The president of the bank checked up his accounts and turned over to him a balance on both accounts. Nothing was said by the president of the bank concerning the note at that time.

Folino had been residing in Cleveland for almost a year when he received a letter notifying him that the Bank held his note which was assigned to it. Folino was sued in the Cleveland Municipal Court by the bank and judgment was rendered in favor of Folino. Error was prosecuted and it was claimed by the bank that the judgment is against the weight of the evidence and contrary to law.

It was further contended by the bank that it was not required to present the note to Folino in order to make him liable. Furthermore, Folino having paid the obligation of the note to Orr, without obtaining the surrender of the instrument, he did so at his own risk. The Court of Appeals held:

1. The evidence is conclusive that the bank had at no time informed Folino that it was the holder of the note against him, nor did it present the same for payment. The conduct of the bank in remaining silent has an important bearing on this case, particularly at the time when Folino was winding up his affairs with the bank.

2. It is clear that in order that the bank be invested with a right or interest in the note as indorser, it must appear by direct evidence, or by inference that the loan made by it to Orr for which this note was given as collateral security, was not paid.

3. If Orr has paid the bank and it proceeds to collect the obligation of the note, it does so merely as an agent of Orr, and whatever defenses would be available as against Orr, if he were plaintiff, are available against the bank as his agent.

4. The studied silence of the bank amounted, to say the least, to gross and inexcusable negligence on its part. It had the effect of misleading Folino to his injury, inducing in him a belief that the representation made by Orr to the effect that the note was lost and could not be found was true.

5. The protection afforded to a holder of negotiable paper in due course, does not extend to a case like the one at bar where the alleged holder was guilty of gross and inexcusable negligence.

6. Relation existing between Folino as a depositor and the bank was to a certain extent fiduciary in its character. It became the duty of the bank to disclose to Folino that it was the holder of the note as indorsee against him.

7. If a defense is established against the original payee, then the alleged holder in due course, to substantiate his claim, must prove, as a negative fact, lack of knowledge of any infirmity or defect in the title of the person negotiating. Regan v. Sherman, 1 Ohio App. 273. While no direct evidence is available to Folino, yet the circumstances taken as a whole very nearly make out a conclusive defense.

8. The circumstances tend to rebut the prima facie case made out by the bank; and a jury or the court acting as such would be justified in so finding.

Judgment affirmed.

**Attorneys**—Rothenberg, McMorris & Smith for Bank; Nicola & Horn for Folino; all of Cleveland.